UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JESSE JAMES DELEBREAU,

        Plaintiff,

        v.                                            Case No. 25-cv-1355-bbc

KEWAUNEE COUNTY SHERIFF'S DEPARTMENT,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Jesse James Delebreau, who was incarcerated when he filed this complaint but has since been released, is representing himself in this 42 U.S.C. §1983 action alleging that his civil rights were violated. This matter comes before the Court on Delebreau's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Delebreau has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Delebreau has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $49.00. The Court will therefore grant his motion to proceed *in forma pauperis*. 28 U.S.C. §1915(b)(4).

## SCREENING OF THE COMPLAINT

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). "District judges are busy and therefore have a right to dismiss a complaint . . . that imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013).

Delebreau's complaint violates Rule 8(a)(2) because it does not include "a short plain statement of the claim showing that the pleader is entitled to relief," as the rule requires. Indeed, it is challenging to discern Delebreau's allegations because, in addition to the main body of the complaint, he includes numerous comments in small print throughout the margins of the complaint. Not only does the format of the complaint present challenges, but the allegations are unclear as to who did what, when, and what happened as a result.

Where multiple claims are asserted, a complaint is required to list each claim separately and set forth factual allegations that provide notice to each Defendant of what he or she did (or did not do) to violate the plaintiff's rights, including any injuries that resulted. *See George v. Smith*, 507 F.3d 605, 608 (7th Cir. 2007) (noting that plaintiffs "must give enough detail to illuminate the nature of the claim and allow defendants to respond"). Broadly alleging that the entire Kewaunee County Sheriff's Department has engaged in a pattern of harassment over fifteen years is

2

insufficient to state a claim. The complaint must contain sufficient factual matter to enable the Court to reasonably infer that a particular Defendant did what the plaintiff alleges.

Delebreau should also be aware of the rule against joining multiple unrelated claims against different defendants in the same pleading. "Unrelated claims against different defendants belong in different suits," so as to prevent prisoners from dodging the fee payment or three strikes provision in the Prison Litigation Reform Act. *George*, 507 F.3d at 607. This means that claims against officers who recently searched his father's home may not be joined with claims against SWAT team members who allegedly ruined his father's property several years ago.

Further, Delebreau is advised that §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Nor does §1983 create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Delebreau must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights.

In short, the Court finds that the complaint fails to comply with Rule 8(a)(2) and therefore fails to state a claim. If Delebreau wishes to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described in this decision. He should tell a straightforward, chronological story about what happened as if he were telling a story to someone who knows nothing about the facts of his case. Delebreau should take care to identify the specific

3

people he believes violated his rights, describe what each person allegedly did or did not do to violate his rights, state when it happened, and explain how their actions or inactions impacted him. An amended complaint must be filed by **November 7, 2025**. Failure to file an amended complaint by the deadline will result in this action being dismissed for failure to state a claim in the original complaint.

**IT IS THEREFORE ORDERED** that Delebreau's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **November 7, 2025**, Delebreau may file an amended complaint consistent with the requirements as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Delebreau a blank amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

**IT IS FURTHER ORDERED** that Delebreau must pay the $301 remainder of the filing fee as he is able. He may forward payments to the Clerk of Court at the address below. The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that Delebreau must submit the original document for each filing to the Court to the following address:

>  Honorable Byron C. Conway
>  c/o Office of the Clerk
>  United States District Court
>  Eastern District of Wisconsin
>  125 S. Jefferson Street, Suite 102
>  Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Delebreau is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on October 16, 2025.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge